

FILED

MAY 28 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DAVID D'ANTE HILL, #367920,

        Petitioner,

v.

                    CIVIL ACTION NO. 2:09cv383

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On October 18, 2006, Petitioner, David D'Ante Hill ("Hill"), was convicted in the Circuit Court of the City of Hampton, Virginia ("Circuit Court"),[1] of second-degree murder, use of a firearm in

---

[1] Hill was represented at trial by Ben Pavek, Esq. At trial, Hill moved to strike the evidence of any offense of murder in the second-degree, and argued that the Commonwealth had not established the element of malice needed to convict Hill of second-degree

the commission of a felony, and possession of a firearm by a convicted felon. Hill was sentenced to forty-three (43) years imprisonment, with seventeen (17) years suspended, as reflected in the Court's Sentencing Order entered on July 14, 2006. Circuit Case No. 06-396.

Hill filed his appeal with the Virginia Court of Appeals ("Court of Appeals"),[2] which denied his appeal on June 8, 2007.[3] Record No. 2735-06-1 ("Hill I"). Hill requested review by a panel of three judges, and his petition for appeal was denied on September 11, 2007.[4] Hill then filed a petition for appeal with the Supreme Court of Virginia. The Supreme Court of Virginia refused the petition for appeal on February 25, 2008. Record No. 071996 ("Hill II"). This decision concluded Hill's direct appeal.

On January 29, 2009, Hill executed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia ("State Habeas Petition"), which was filed by the Supreme Court of Virginia on January 29, 2008.[5] Hill's petition for a writ of habeas corpus

---

murder.

[2] Ben Pavek, Esq. also represented Hill on his appeal.

[3] In a one-judge decision, the court held that "the foregoing evidence was competent, was not inherently incredible and was sufficient to prove beyond a reasonable doubt that appellant acted with requisite malice." Hill I, at 3.

[4] Specifically, the court denied Hill's appeal "[f]or the reasons previously stated in the order entered by [the] Court on June 8, 2007."

[5] Hill presented the following allegations of ineffective assistance of appellate counsel in his state habeas petition:

was denied on June 19, 2009.[6] Case No. 090291("Hill III").

On July 29, 2009, while in the custody of the Virginia Department of Corrections at the Sussex One State Prison, Hill executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Habeas Petition"), which was accompanied by a supporting memorandum. The Court conditionally

1.  Appellate counsel was ineffective for failing to comply with Rule 5A:18 by "present[ing] questions" to the appellate courts that were not "sufficient to constitute a question to be ruled upon."
2.  Appellate counsel was ineffective for failing to comply with Rule 5A:20 by including citations to federal reporters.
3.  Appellate counsel was ineffective for failing to comply with Rule 5A:20 by failing to alphabetically arrange the table of citations.
4.  Appellate counsel was ineffective for failing to comply with Rule 5:17(c) by failing to place a "statement of substantial constitutional issue" or a "statement of precedential value" in the petition for appeal to the Supreme Court of Virginia.
5.  Appellate counsel falsely reported facts to the appellate courts, namely, whether an "arrest warrant" was issued for the defendant and whether stipulations were made a part of the record at trial.
6.  Appellate counsel violated petitioner's rights to due process and equal protection by presenting a question to the appellate courts that "depended on facts which had not been made part of the appellate record" and that was "complicated and awkward."
7.  Appellate counsel presented a petition for appeal that included clerical errors in the spelling of the victim's name.
8.  Appellate counsel was ineffective for failing to comply with Va. Supreme Court Rule 5A:4(a)
9.  Appellate counsel was ineffective for failing to forward the entire case file to petitioner upon the conclusion of his appeal.

[6] After review on the merits, the court held that Hill's challenges could satisfy neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Hill III, at 2-6.

filed this petition on July 29, 2009, pending Hill's motion to proceed in forma pauperis. The Court denied Petitioner's motion on August 12, 2009. The Court received the required filing fee from Hill and ordered the petition filed on September 28, 2009. On November 4, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum ("Respondent's Brief"). Hill did not file a response, and this matter is ripe for review.

## B. Grounds Alleged

Hill now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

1. He was denied the effective assistance of appellate counsel.

2. He was denied his due process rights guaranteed under the Fourteenth Amendment by the Supreme Court of Virginia in its dismissal of his State Habeas Petition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the following, the Court FINDS that Hill's claim (1) is exhausted, and the Court will review claim (1) on the merits. However, in as much as Hill's claim (2) is interpreted as a different claim than Hill's claim (1), Hill's claim (2) is either exhausted and procedurally defaulted, or is not cognizable under 28 U.S.C. § 2254.

## A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Hill's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when "allegations

4

advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished by either direct appeal or post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).

"[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews, 105 F.3d at 911 (citations omitted); such claims are technically exhausted, but are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000). Further, if any of a petitioner's claims were presented to the highest state court, but were not addressed on the merits because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

## 1. Hill's Claim (1)

Respondent has asserted that Hill's claim (1) is exhausted because it was presented to the Supreme Court of Virginia in Hill's state habeas petition. Resp't Br. at 4. This Court concurs. Hill's State Habeas Petition alleged ineffective assistance of appellate counsel in nine challenges. See State Habeas Petition at 2-14. In dismissing Hill's State Habeas Petition, the Supreme Court of Virginia reviewed the merits of each of Hill's claims, and found that Hill's appeals were not dismissed pursuant to any procedural defect, but rather they were refused after consideration on the merits.[7] Thus, the court concluded that Hill "failed to demonstrate that counsel's performance was deficient or that there is reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." Hill III at 5.

In the instant petition, claim (1) alleges ineffective assistance of appellate counsel. The Fourth Circuit has held that so long as a petitioner's claim has been "fairly presented" to the state courts, a petitioner's claim is exhausted. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)). The fact that the Supreme Court of Virginia reviewed Hill's ineffective assistance of appellate counsel claim on its merits sufficiently establishes that the

---

[7] The Supreme Court of Virginia held that Hill's ninth claim, that he was deprived effective assistance of appellate counsel because appellate counsel failure to forward an entire case file to Hill following his appeal, was not cognizable in habeas corpus.

ineffective assistance of counsel claim was fairly presented to the state court. Therefore, the Court FINDS that claim (1) is exhausted, and should be reviewed on its merits.

## 2. Hill's Claim (2)

As a preliminary matter, the Court notes that Hill's claim (2) is somewhat ambiguous.[8] To the extent Hill is requesting the Court to analyze whether his alleged deprivation of effective assistance of counsel on his appeal violated his due process rights, the Court believes Hill's claim (2) is subsumed in his claim (1). However, Hill's claim (2) also could be interpreted as an allegation that the state habeas court violated Hill's due process rights. In the interest of liberally construing pro se claims and to ensure the Court thoroughly and accurately addresses Hill's arguments, the Court will analyze claim (2) as independent and distinct from claim (1).

### a. Claim (2) as subsumed in Claim (1)

The Court, construing Hill's claim liberally, and in the light most favorable to the pro se litigant, concludes that the crux of claim (2) is the allegation that Hill was deprived effective assistance of appellate counsel insofar as the belated appeal deprived him of his due process rights under the Fourteenth Amendment. See Federal Habeas Petition at 15 (asking the Court to

---

[8] Claim (2) claims a "violation of the 14th Amendment Due Process by the state habeas court." See Federal Habeas Petition at 7. In Hill's Federal Habeas Petition, Hill asks that the Court grant the following relief: "apply an analysis focusing solely on Due Process Clause during appellate procedure for belated appeal". See id. at 15.

"apply an analysis focusing solely on Due Process Clause during appellate procedure for belated appeal"). Hill raised nine challenges of ineffective assistance of appellate counsel in his State Habeas Petition, the thrust of which were violations by counsel of appellate procedure, see Hill III at 2-5 (discussing claims 1, 4, 5, and 8), and deficiencies in appellate counsel's performance, see id. (discussing claims 2, 3, 6, and 7). The Court finds that the violations of due process rights alleged in claim (2) are properly cognizable within Hill's State Habeas Petition claims, and should be recognized as such. Thus, as claim (2) falls within the purview of claim (1), it was fairly presented to the state court, and is thereby properly exhausted.

### b. Claim (2) as an Independent Claim from Claim (1)

Respondent asserts that claim (2) is either not cognizable in federal habeas corpus or it is simultaneously exhausted and defaulted for purposes of federal habeas review. Id. at 4. The Court concurs that claim (2), if construed as an independent challenge from claim (1), is either not cognizable in federal habeas corpus, or is technically exhausted, but is procedurally defaulted and barred from review in federal habeas corpus. Therefore, insofar as claim (2) is an independent challenge from claim (1), the Court FINDS that claim (2) should be dismissed without review of its merits.

### i. Claim (2) Is Not Cognizable in Federal Habeas Corpus

The Court relies on 22 U.S.C. § 2254(a) and Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) for guidance in

8

evaluating claim (2). Section 2254(a) states that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution, laws or treaties of the United States." In <u>Wright</u>, the Fourth Circuit held that a petition alleging claims of error in state habeas proceedings cannot provide a basis for federal habeas relief. <u>Id.</u> at 159; <u>see</u> <u>Bryant v. Maryland</u>, 848 F.2d 492, 493 (4th Cir. 1988)(holding errors and irregularities in connection with state post-conviction proceedings are not cognizable in federal habeas review). Because a petitioner alleging violations in habeas proceedings is not "in custody pursuant to" the judgment from the state habeas proceeding, § 2254 does not apply. <u>Id.</u>

When Hill filed the instant habeas petition, he was not detained as a result of the decision of the Supreme Court of Virginia in his state habeas action, but rather as the result of his underlying conviction in the Circuit Court. Thus, insofar as claim (2) raises a challenge against the state habeas proceedings, it is not a cognizable basis for federal habeas relief under § 2254.

ii. Claim (2) Is Exhausted and Procedurally Defaulted

Respondent further asserts that claim (2), construed as a Due Process Clause challenge to state habeas proceedings, is simultaneously exhausted and procedurally defaulted. Respondent asserts that an independent challenge to a violation of due process rights during state habeas proceedings should have been raised by

9

filing a petition for rehearing with the Supreme Court of Virginia after state habeas proceedings. <u>See</u> Va. Sup. Ct. R. 5:39. Consequently, Respondent asserts that Hill's failure to file a petition for rehearing simultaneously exhausts and procedurally defaults the claim for purposes of federal habeas review. <u>See</u> Resp't Br. at 4 n.1. The Court concurs.

The record contains no evidence that Hill raised claim (2) in his State Habeas Petition, nor by petition for rehearing to the Supreme Court of Virginia. Here, if Hill were to present claim (2) to the Supreme Court of Virginia today in a petition for writ of habeas corpus, his petition would not be timely filed, and the matter would be dismissed pursuant to Va. Sup. Ct. R. 5:39. Thus, Hill would be procedurally barred from seeking relief from the state court.

A state court need not "clearly and expressly" state that its judgment rests on a procedural bar when the issue has not been presented to the state court. <u>Bassette v. Thompson,</u> 915 F.2d 932, 936 (4th Cir. 1990). Virginia law is clear that this claim would be procedurally barred because it is based on facts known to Hill at the time of his habeas proceeding,[9] and because no petition for rehearing was filed within ten (10) days of the Supreme Court of

---

[9] Hill's direct appeals to the Court of Appeals and to the Supreme Court of Virginia evidence that he had knowledge of the facts needed to raise a Due Process Clause challenge in his state habeas proceeding. Further, Hill had the opportunity to raise a Due Process Clause challenge by filing a petition for rehearing within ten (10) days of the Supreme Court of Virginia's judgment on his State Habeas Petition.

Virginia's judgment on Hill's State Habeas Petition. Va. Sup. Ct. R. 5:39 ("A party intending to apply for a rehearing shall file written notice with the clerk of this Court within 10 days of the order of this Court deciding the case."). The Fourth Circuit has held that a state statute that limits the period of filing is an "adequate and independent state ground," and may bar federal habeas review of the claims. Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). Hill is now barred from asserting such a claim. Thus, if claim (2) is read as a due process claim and is construed as an independent challenge from claim (1), it is simultaneously exhausted, and procedurally defaulted for purposes of federal habeas review.

### a. Limited Exceptions to Procedural Default

Although claim (2) is procedurally defaulted, Hill may still obtain review of his claim if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted. Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule.

11

Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray

v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause"
> include: (1) "interference by officials that
> makes compliance with the State's procedural
> rule impracticable"; (2) "a showing that the
> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) the
> novelty of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting

McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due

diligence by the petitioner will defeat an assertion of cause. See

Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

The Court first notes that Hill has not argued that he should

be excused from his failure to comply with state procedural rules.

If the Court assumes, however, that Hill failed to comply with

state procedural rules because of his unfamiliarity with the legal

system and his pro se status, he still would not be excused from

his procedural default. Such factors do not constitute cause

because they are not "objective factor[s] external to the defense"

under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g.,

Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("[Y]outh and

lack of education do not constitute the type of external impediment

sufficient to excuse a procedural default"), cert. denied, 537 U.S.

1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir.

1993) (holding that ignorance or inadvertence do not constitute

cause to excuse a procedural default); United States v. Sosa, 364

F.3d 507, 512 (4th Cir. 2004) (holding that a pro se petitioner's

ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

Therefore, Hill has failed to prove cause and prejudice or miscarriage of justice[10] and, accordingly, claim (2) of Hill's petition remains procedurally defaulted.

Based on the foregoing, the Court FINDS that claim (1) is exhausted. The Court also FINDS that claim (2) is not cognizable as an independent challenge in federal habeas corpus. Alternatively, the Court FINDS that, even if cognizable in federal habeas corpus, claim (2) is procedurally defaulted under Virginia law, there is no exception to procedural default available to Petitioner, and the claim therefore is barred from this Court's review. Accordingly, the Court recommends that claim (2) be DISMISSED.

## B. **Merits**

The Court now considers Hill's remaining claims on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

---

[10] Hill has not made an argument which the Court can construe as an attempt to satisfy the miscarriage of justice exception. It is the petitioner's burden to establish the exception by providing evidence that but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)). Therefore, Hill has not established that he is entitled to relief under the miscarriage of justice exception.

13

> (1) resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of the
> United States; or

> (2) resulted in a decision that was based
> on an unreasonable determination of the facts
> in light of the evidence presented in the
> State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000); see also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]."). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411.

In deference to the state court's decision, this Court may not

grant relief unless it determines that the decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)). Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003), cert. denied, 541 U.S. 1032 (2004).

## 1. Ineffective Assistance of Counsel Standard

The crux of the claims in the instant petition is Hill's assertion that he was denied the effective assistance of appellate counsel. Because Hill presented these claims in his petition for a writ of habeas corpus to the Supreme Court of Virginia, and the Supreme Court of Virginia reviewed Hill's claims on the merits, the Court's current review is limited to assessing whether the decision of the Supreme Court of Virginia was "legally or factually unreasonable." Bell, 236 F.3d at 163; see also Makdessi v. Watson, No. 3:09CV214, 2010 WL 424445, at *16 (E.D. Va. Feb. 4, 2010).

Claims of ineffective assistance of appellate counsel are governed by the standard articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 690-94 (1984). Burger v. Kemp, 483 U.S. 776, 781 (1987). As such, to grant Hill relief on his claim, this Court must find that the state court's dismissal of the claim involved an unreasonable application of Strickland. A

state court's decision is an "unreasonable application" of Supreme Court law if "the state court correctly identifies the governing legal principle ... but unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citing Williams v. Taylor, 529 U.S. 362, 407-408, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Demonstrating unreasonableness requires a "substantially higher threshold" showing than mere error. Schriro v. Landigran, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (citing Williams, 529 U.S. at 410). Further, "courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." Larry v. Branker, 552 F.3d 356, 365 (4th Cir. 2009).

Under Strickland, the state court was required to subject Hill's claim to a two-prong test in which the petitioner is required to prove both (1) ineffective assistance (incompetence) and (2) prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) Hill's lawyer's performance fell below the range of competence demanded of lawyers conducting an appeal in criminal cases; and that (2) there is a reasonable probability that, but for the deficient performance by appellate counsel, the ultimate result would have been different. Strickland, 466 U.S. at 690, 694.

When assessing appellate counsel's performance under Strickland's first prong, the reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance." Id. at 689. The reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381.

The second prong of the Strickland analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693. Rather, the petitioner must demonstrate "a reasonable probability[11] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As with the first prong, the reviewing court must consider the totality of the evidence before it when conducting the prejudice inquiry. Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Strickland, 466 U.S. at 697. The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the

---

[11] The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

respective claim.  See id.

## 2. Claim (1) is Without Merit

In his State Habeas Petition, Hill alleged nine grounds of ineffective assistance of appellate counsel.  See supra, note 5. Each of Hill's claims were considered on the merits by the Supreme Court of Virginia, which rejected each of Hill's claims, finding that none of the claims established either the "performance" or "prejudice" prong under Strickland.  Hill III, at 1-5.

In the instant petition, Hill essentially reasserts the allegations advanced in his State Habeas Petition.  The Court will address the merits of each of Hill's allegations of ineffective assistance of appellate counsel in turn.

### a.  Claim (1)A: Questions Presented to the Court of Appeals

Hill alleges that he was denied the effective assistance of appellate counsel because the questions presented to the Court of Appeals and the Supreme Court of Virginia did not comply with Rule 5A:18.  The Supreme Court of Virginia rejected this claim in Hill's State Habeas Petition because the records of Hill's appeals to the Court of Appeals and Supreme Court of Virginia demonstrate that the appeals were not dismissed pursuant to any procedural defect, but were refused after consideration on the merits.  Hill III, at 2. Thus, Hill failed to show that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's allege errors, the result of the proceeding would have been different.  The Supreme Court of Virginia's decision was not

contrary to or unreasonable in light of clearly established federal law, and was not based on an unreasonable determination of the facts. Claim (1)A should be DISMISSED.

b. Claim (1)B: Stipulation To Facts Not in the Record

Hill alleges that in his petition for appeal, his counsel erred by representing that there was a stipulation regarding the evidence between the Commonwealth and the appellant, when there was no proof of such a stipulation on the record. The Supreme Court of Virginia found that the record from the Court of Appeals demonstrates that the stipulations were in fact made a part of the record as indicated by Hill's counsel. Specifically, the Court of Appeals relied on the stipulation that the police officers "intended to arrest Hill if they found him at the apartment" in its order denying Hill's appeal. Hill III, at 3. Thus, the Supreme Court of Virginia held that Hill failed to demonstrate that but for the counsel's alleged errors, the result of the proceeding would have been different. Id. The Supreme Court of Virginia's decision was not contrary to or unreasonable in light of clearly established federal law, and was not based on an unreasonable determination of the facts. Thus, Claim (1)B should be DISMISSED.

c. Claim (1)C: Clerical Errors

Hill alleges that he was denied the effective assistance of appellate counsel because counsel's citations failed to comply with Rule 5A:20. The Supreme Court of Virginia held that Hill failed to demonstrate that counsel's performance was deficient or that there

19

is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. <u>Hill III</u>, at 4. The Supreme Court of Virginia's decision was not contrary to or unreasonable in light of clearly established federal law, and was not based on an unreasonable determination of the facts. Thus Claim (1)C should be DISMISSED.

d. <u>Conclusion</u>

Having considered all of the factual support provided by Hill for this Claim(1), this Court FINDS that Hill has not shown that the Supreme Court of Virginia's denial of Hill's claims regarding ineffective assistance of appellate counsel was based on an unreasonable application of federal law or an unreasonable determination of facts. 28 U.S.C. § 2254(d). Accordingly, this Court RECOMMENDS that claim (1) be DENIED.

## III. **RECOMMENDATION**

For the foregoing reasons, the Court, having determined that the claims of the instant petition are without merit, recommends that Hill's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Hill's claims be DISMISSED WITH PREJUDICE.

Hill has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
May 28 , 2010

21

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

David D'Ante Hill, #367920
Sussex I State Prison
24414 Musselwhite Drive
Waverly, Virginia 23890
PRO SE

Erin Marie Harrigan Kulpa
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

May 28, 2010